### WELLS vs. HUNTER,

APPEAL from the court of the sixth district.

PORTER, J. delivered the opinion of the court. The petitioner states that he and his co-heirs have inherited from their father a certain slave who has been seized and taken out of their possession by the sheriff of Rapides, acting under the orders and by the direction of the defendant.

On these allegations, an injunction was granted, and the defendant answered the petition by a plea that the injunction had erroneously issued from the judge of the seventh district, when that of the sixth was not absent.

On this issue, the defendant in the court below, gave evidence to shew that neither the plaintiff or defendant could have any right, title or interest to the slave; that he had been introduced as contraband

*If the defendant plead that the injunction was improperly issued by a judge of another district, when that of the district was absent, he cannot give, in evidence, the plaintiff is without title, as the slave was brought into the state contrary to law.*

The plaintiff objected to the introduction of this evidence, and the court erred in admitting it. The plaintiff's title was not at issue by the pleadings.

As we agree in opinion with the judge *a quo*, that possession enables the plaintiff to maintain the injunction, it is unnecessary to go into the question whether a forfeiture for a breach of positive law can be set up and examined collaterally, in cases circumstanced like that before the court.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be affirmed, with costs.

*Johnston* for the plaintiff, *Johnston & Flint* for the defendant.